UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMAS AFEWORKI, | CASE NO. C25-858 JNW |
| Petitioner, | ORDER ON REPORT AND |
| | RECOMMENDATION AND |
| v. | OBJECTIONS |
| KARIN ARNOLD, | |
| Respondent. | |

This matter comes before the Court on Petitioner's Objections to the Report and Recommendation of Magistrate Judge Brian A. Tsuchida. (Dkt. No. 10.) Having reviewed the Objections, the Report and Recommendation (R&R) (Dkt. No. 9), the Habeas Petition (Dkt. No. 1), and all supporting materials, the Court ADOPTS in part the R&R and OVERRULES in part and GRANTS in part the Objections. The Court DISMISSES WITH PREJUDICE the petition as an impermissible second or successive petition except as to grounds six and seven, which are DISMISSED WITHOUT PREJUDICE and with leave to amend.

1
                                  **ANALYSIS**

2
**A.    Legal Standard**

3
       Under Federal Rule of Civil Procedure 72, the Court must resolve <u>de novo</u> any part of the

4
Magistrate Judge's Report and Recommendation that has been properly objected to and may

5
accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); <u>see also</u> 28

6
U.S.C. § 636(b)(1). Proper objections require "specific written objections to the proposed

7
findings and recommendations" of the Magistrate Judge. Fed. R. Civ. P. 72(b)(2); <u>see also</u>

8
<u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear

9
that the district judge must review the magistrate judge's findings and recommendations <u>de novo</u>

10
if objection is made, but not otherwise.").

11
**B.    First Objection**

12
       Petitioner contends that the R&R improperly proposes dismissal of grounds six and seven

13
of his Habeas Petition as second or successive claims even though they were not raised in his

14
initial petition. (Objections at 1.) In ground six, Petitioner asserts that "the state court violated

15
Mr. Afeworki's 14th Amend. U.S. Const. right by depriving him a fair application of retroactive

16
RCW 9.94A.760" because the state court found it time barred and the appellate court denied

17
review. (Dkt. No. 1 at 16.) In ground seven, Petitioner argues that the "Trial court violated Mr.

18
Afeworki's 14th Amend. U.S. Const. right by unconstitutionally applying [a] time bar statute

19
RCW 10.73.090 to his Motion that was based on retroactive statute RCW 9.94A.760 (2023)."

20
(<u>Id.</u> at 17.)

21
       The Court agrees with Petitioner that the R&R did not explicitly address either of these

22
grounds for relief and that they deserve individualized analysis. The Court also agrees that these

23
claims do not appear to have been asserted in Petitioner's initial habeas petition. But the second

24

1  or successive petition bar nevertheless applies to these grounds for relief because they concern

2  the same judgment that Petitioner previously challenged. See 28 U.S.C. § 2244(b)(1). And

3  although the judgment Petitioner challenges was amended, the Ninth Circuit has already

4  concluded that the "ministerial correction to a clerical error in the original 2005 judgment" did

5  not constitute a new judgment for purposes of the second or successive petition rule in 28 U.S.C.

6  § 2244(b)(2). (See R&R at 2-3.) Because there is no new judgment, Petitioner's grounds six and

7  seven are barred unless he can fit them within one of two narrow exceptions. See Magwood v.

8  Patterson, 561 U.S. 320, 330 (2010); 28 U.S.C. § 2244(b)(2). The federal habeas statute explains

9  the two exceptions as follows:

10      A claim presented in a second or successive habeas corpus application under section
        2254 that was not presented in a prior application shall be dismissed unless—

11

12      (A) the applicant shows that the claim relies on a new rule of constitutional law, made
        retroactive to cases on collateral review by the Supreme Court, that was previously
        unavailable; or

13

14      (B)(i) the factual predicate for the claim could not have been discovered previously
        through the exercise of due diligence; and

15      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a
        whole, would be sufficient to establish by clear and convincing evidence that, but for
16      constitutional error, no reasonable factfinder would have found the applicant guilty of
        the underlying offense.

17

18  Id. So in order for these claims to proceed Petitioner must satisfy either Section 2244(b)(2)(A) or

    Section 2244(b)(2)(B).

19

20      Having reviewed Petitioner's Habeas Petition, the Court finds inadequate allegations as

    to how Petitioner's ground six and seven are permitted under either Section 2244(b)(2)(A) or

21  Section 2244(b)(2)(B). Through both grounds, Petitioner argues that RCW 9.94A.760—the

22  state's restitution statute—has retroactive application and that the state court violated the

23  Fourteenth Amendment by finding his request to alter the judgment time barred. Even if these

24

1    allegations are taken as true, they do not satisfy Section 2244(b)(2). First, Petitioner has not

2    identified a new constitutional rule made retroactive by the Supreme Court. See 28 U.S.C. §

3    2244(b)(2)(A). Second, Petitioner has not alleged how a reasonable fact finder would have found

4    him innocent of the underlying offense if the trial court had considered the changes to RCW

5    9.94A.760. See 28 U.S.C. § 2244(b)(2)(B). As such, the Court finds that Petitioner's sixth and

6    seventh grounds for relief are barred by the second or successive petition rule in 28 U.S.C. §

7    2244(b)(1) and they must be DISMISSED. But the Court GRANTS Petitioner leave to file an

8    amended his habeas petition so that he has one additional opportunity to include sufficient

9    allegations to show how this claim might avoid the second or successive petition bar in 28

10    U.S.C. § 2244(b)(2). Petitioner must file the amended habeas petition within 45 days of entry of

11    this Order. Any amendment must be limited to these two grounds for relief.

12    **C.    Second and Fourth Objections**

13          Petitioner's second and fourth objections challenge the R&R's conclusion that grounds

14    for relief one through five are barred as a second or successive petition. The Court finds no merit

15    to this argument. As the R&R correctly noted, the Ninth Circuit has already rejected Petitioner's

16    theory that the 2023 amended judgment qualifies as an intervening judgment that might satisfy

17    Section 2244(b)(2). (R&R at 2-3.) None of the arguments Petitioner makes convince the Court to

18    diverge with the Ninth Circuit's clear determination that these claims are barred by Section

19    2244(b)(2). The Court OVERRULES these objections and ADOPTS the R&R as to dismissal of

20    these claims.

21    **D.    Third Objection**

22          Petitioner objects to the R&R's proposed denial of a certificate of appealability.

23

24

1   A certificate of appealability may be issued only where a petitioner has made "a

2   substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A

3   prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the

4   district court's resolution of his constitutional claims or that jurists could conclude the issues

5   presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537

6   U.S. 322, 327 (2003).

7   The Court agrees with the R&R's conclusions that the first five grounds for relief in the

8   Habeas Petition are plainly barred by the second or successive petition rule and that no certificate

9   of appealability should issue. Petitioner has failed to show any merit to these grounds for relief,

10   and the Ninth Circuit has already rejected them as barred by § 2244(b)(2). No reasonable jurist

11   could disagree with this conclusion or that these issues deserve further encouragement. No

12   certificate of appealability shall issue as to the first five grounds for relief.

13   The Court's determination does not apply to Petitioner's sixth and seventh grounds for

14   relief given that Petitioner has been given leave to amend these grounds for relief.

**CONCLUSION**

16   The Court ADOPTS the R&R as to grounds for relief one through five, and finds that

17   they must be DISMISSED as impermissible second or successive claims for which no certificate

18   of appealability should issue. The Court DISMISSES grounds for relief one through five with

19   prejudice and OVERRULES the related objections. The Court declines to adopt the R&R as to

20   grounds for relief six and seven, and GRANTS Petitioner's the first objection. But given the

21   pleading deficiencies the Court has noted, the Court DISMISSES these two grounds for relief

22   without prejudice. The Court GRANTS Petitioner leave to amend these two grounds for relief.

23   The amended petition must be filed within 45 days of entry of this Order.

24

The clerk is ordered to provide copies of this order to Petitioner, Judge Tsuchida, and all counsel.

Dated July 29, 2025.

Marsha J. Pechman
United States Senior District Judge