UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMAS AFEWORKI,<br><br>   Petitioner,<br><br>   v.<br><br>KARIN ARNOLD, Superintendent,<br>Stafford Creek Corrections Center,<br><br>   Respondent. | CASE NO. 2:25-cv-00858-JNW<br><br>ORDER ADOPTING SECOND<br>REPORT AND RECOMMENDATION |

## 1.  INTRODUCTION

The Court considers the Second Report and Recommendation ("Second R&R") of United States Magistrate Judge Brian A. Tsuchida, Dkt. No. 17, and Petitioner Tomas Afeworki's objections to the Second R&R, Dkt. No. 20, as well as his motion for judicial notice, Dkt. No. 19. The Second R&R recommends dismissing Afeworki's amended petition for a writ of habeas corpus and denying the issuance of a certificate of appealability. Dkt. No. 17 at 1. For the reasons below, the Court OVERRULES Afeworki's objections, Dkt. No. 20, and ADOPTS the Second R&R, Dkt. No. 17.

ORDER ADOPTING SECOND REPORT AND RECOMMENDATION - 1

## 2. BACKGROUND

"On July 29, 2025, the Court found Petitioner's federal habeas petition was an impermissible second or successive petition and accordingly dismissed with prejudice Petitioner's grounds for relief one through five." Dkt. No. 17 at 2 (citing Dkt. No. 12). While the Court found that grounds six and seven should also be dismissed, it allowed Afeworki to amend his petition as to those grounds so that he could try to establish that one of two narrow exceptions to the bar on second or successive petitions applies. *Id.* (citing Dkt. No. 12 at 3). The federal habeas statute lists the two exceptions as follows:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After reviewing the amended petition, Judge Tsuchida found that Afeworki had neither meaningfully amended his petition nor had he established either exception. Dkt. No. 17. Thus, he found that dismissal with prejudice is appropriate.

ORDER ADOPTING SECOND REPORT AND RECOMMENDATION - 2

### 3.  DISCUSSION

Starting with Afeworki's motion for judicial notice, it asks the Court to take judicial notice of an October 2021 community custody violation hearing in Snohomish County. He presents no documentation of the hearing, but for the purposes of this order, the Court assumes that a hearing occurred and that he received a sentence of fifteen days in custody as a result. Dkt. No. 19 at 1. This fact does not change the Court's findings. Without explanation, the motion also asks the Court to take judicial notice that RCW 9.94A.760 is retroactive. *Id.* at 1. But that is a legal proposition, not a fact to be judicially noticed under Federal Rule of Evidence 201. Accordingly, the Court denies that request.

Federal Rule of Civil Procedure 72 allows a party to file written objections to an R&R within fourteen days. Fed. R. Civ. P. 72(b)(2). The objections must be "specific" and relate "to the [R&R's] proposed findings and recommendations." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). While the district court must conduct a de novo review in response to objections, it has "no obligation to provide individualized analysis of each objection." *United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023).

On de novo review and considering Afeworki's objections, the Court agrees that he failed to establish either exception available under 28 U.S.C. § 2244(b). The petition does not identify a new constitutional rule "made retroactive to cases for collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A). Nor does it explain how a reasonable factfinder would have found him innocent of the

ORDER ADOPTING SECOND REPORT AND RECOMMENDATION - 3

underlying offense if the trial court had considered changes to RCW 9.94A.760—a statute governing legal financial obligations. *See* 28 U.S.C. § 2244(b)(2)(B).

A certificate of appealability may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, reasonable jurists would agree that Afeworki failed to show the denial of a constitutional right, and no reasonable jurist would find that his arguments deserve further encouragement. Thus, a certificate of appealability is inappropriate.

Accordingly, the Court ORDERS that the Report and Recommendation, Dkt. No. 17, is ADOPTED, and Petitioner's objections, Dkt. No. 20, are OVERRULED.

This case is DISMISSED with prejudice and issuance of a certificate of appealability is DENIED. Petitioner's motion for judicial notice, Dkt. No. 19, is DENIED in part as stated above.

Dated this 25th day of November, 2025.

Jamal N. Whitehead
United States District Judge

ORDER ADOPTING SECOND REPORT AND RECOMMENDATION - 4